UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re**<br>**MARTIN, MICHAEL**<br>**MARTIN, PATRICIA**<br><br>         **Debtor.** | **Bankruptcy Case**<br>**No. 04-41000-JDP** |

_____

**MEMORANDUM OF DECISION**
_____

**Appearances:**

    Jim Spinner, SERVICE & SPINNER, Pocatello, Idaho, for Trustee R. Sam Hopkins.

    Shelly Hutson, THE HUTSON LAW FIRM, Houston, Texas, Special Counsel for Debtors.

    Steven A. Meikle, Idaho Falls, Idaho for Debtors.

_____

*Introduction*

After this voluntary chapter $7^1$ case was closed in 2004, and without

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 1

the knowledge or consent of this Court or the trustee, R. Sam Hopkins ("Trustee"), debtors Michael and Patricia Martin prosecuted, and then purported to settle, a claim against manufacturers of the drug commonly known as "Fen-Phen" for injuries suffered by Mrs. Martin through using the drug.  When the existence of Debtors' claim and settlement became apparent, Trustee caused the case to be reopened in 2009.  Dkt. Nos. 8, 10.

Trustee has now filed a Motion for Approval of Settlement.  Dkt. No. 29.  While the amount of the Fen-Phen claim settlement negotiated by Debtors' personal injury counsel is confidential, the Court is informed by Trustee that, if approved, the settlement funds will be sufficient to pay all litigation expenses, allowed administrative expenses, and creditors' claims in full, and to return funds to Mr. Martin.[2]

On January 11, 2011, the Court conducted a hearing.  Dkt. No. 35.  At that hearing, the Court became concerned that, perhaps because of the passage of time, many creditors holding potentially allowed claims had not been adequately encouraged to file claims and share in the distribution of

---

[2]  Mrs. Martin is now deceased.

MEMORANDUM OF DECISION - 2

the settlement funds. This concern was heightened by the fact that, for reasons not altogether clear, Trustee, though authorized a 30-day period to do so by Rule 3004,[3] did not attempt to file claims on behalf of those creditors holding scheduled, undisputed claims who had not filed for themselves.

While the time for creditors to file claims usually cannot be enlarged, the time within which a debtor or trustee may file a claim on a creditor's behalf can be extended for "cause." Rule 9006(b). This is significant. In a "surplus" case, both timely and tardy creditors' claims participate in distributions. *See* §§ 726(a)(1), (a)(2)(A), (a)(2)(C), (a)(3). The same holds true for timely debtor- or trustee-filed claims on creditors' behalf. *See* § 726(a)(2)(B). However, most courts hold that tardy debtor- or trustee-filed claims will not share in distributions. *Compare* §§ 726(a)(2)(C) and 726(a)(3) (referring to § 501(a), and allowing distributions for tardy

---

[3] Rule 3004 provides a debtor or trustee 30 days beyond the creditors' bar date to file a proof of claim on behalf of those creditors that have not timely filed claims.

MEMORANDUM OF DECISION - 3

creditor-filed claims), *with* § 726(a)(2)(B) (referring to § 501(c), and restricting distributions to timely debtor- and trustee-filed claims).  *See also In re Danielson*, 981 F.2d 296, 298 (7th Cir. 1992) (finding tardy § 501(c) debtor-filed claims are not allowed claims); *Davis v. Columbia Constr. Co., Inc.* (*In re Davis*), 936 F.2d 771, 775 (4th Cir. 1991) (same); *Drew v. Royal* (*In re Drew*), 256 B.R. 799, 804–06 (10th Cir. BAP 2001) (finding tardy trustee-filed claims are not authorized to receive a distribution under §§ 501(c) or 726(a), nor by § 501(c)'s legislative history); *In re Rothman*, 373 B.R. 785, 788 (Bankr. S.D. Ga. 2006) (finding that, while tardy creditor-filed claims are allowed a distribution under §§ 501(a) and 726(a)(3), sections 501(c), 726(a)(2), and 726(a)(3) do not authorize distributions for tardy trustee-filed claims); *In re Nettles*, 251 B.R. 899, 900–02 (Bankr. M.D. Fla. 2000) (finding a chapter 7 trustee's tardily-filed claim is not allowed a distribution under §§ 501(c) and 726(a)); *In re Kloeble*, 112 B.R. 379, 382 (Bankr. S.D. Cal. 1990) (finding a tardy debtor-filed claim is not allowed a distribution under §§ 501(c) and 726(a)); *In re Zimmerman*, 114 B.R. 439,

MEMORANDUM OF DECISION - 4

439–40 (Bankr. W.D. Pa. 1990) (citing *Solari v. Ulrich* (*In re Solari*), 62 B.R. 31 (9th Cir. BAP 1986), and finding a tardy debtor-filed claim is not allowed). *Cf. In re Schmidt*, 333 B.R. 868, 869–70 (Bankr. N.D. Fla. 2005) (finding a trustee-filed claim is allowed a distribution under §§ 501(c) and 726(a), when timely-filed). In other words, under the circumstances of this case, by not filing claims on behalf of those creditors listed in Debtors' schedules who had not done so for themselves, or by not asking for an extension of the Rule 3004 period within which he could file such claims, Trustee effectively ensured those creditors would not be paid.

After considering the parties' arguments and representations at the January 11, 2011, hearing, the Court ordered that Trustee file additional briefing regarding whether sufficient effort had been made to ensure that all creditors with potentially allowed claims had been offered an appropriate opportunity to participate in distributions from the bankruptcy case on account of funds to be received from the proposed settlement. On February 25 and 28, 2011, Trustee submitted additional

MEMORANDUM OF DECISION - 5

briefs in support of the settlement. Dkt. Nos. 43, 44. In those briefs, Trustee explained that he had attempted to contact and invite all creditors listed in Debtors' schedules to file claims; and he reported on the status of both timely- and tardily-filed proofs of claim. Per Trustee's submissions, it appears that the bulk of the creditors have now filed either timely or tardy claims.

Under the peculiar circumstances presented here, the Court declines to withhold approval of what is otherwise a fair and reasonable settlement of a personal injury claim, despite its continuing concerns regarding Trustee's decision to forego filing claims for creditors. This is because the Court is now persuaded that, based upon the events described in Trustee's briefs, the vast bulk of creditors' claims will be paid in full, further efforts to encourage creditors to file claims will likely be futile, and this bankruptcy case needs to come to an end.

Therefore, because the proposed settlement has been shown to be fair and reasonable, it will be approved in accordance with the distribution

MEMORANDUM OF DECISION - 6

terms described in Trustee's last brief, Dkt. No. 44.  Trustee may submit an appropriate order, which has been approved by counsel for Trustee, Mr. Martin, and the Martins' personal injury counsel, for entry by the Court.

Dated:  March 24, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 7